UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARVIN KNIGHT,

    *Plaintiff*,

v.

MALONEY & MOSHEN PLLC,

    *Defendant*.

Civil Action No. 1:25-cv-02488 (CJN)

**MEMORANDUM OPINION**

    This matter is before the Court on Plaintiff Marvin Knight's *pro se* complaint ("Compl."), ECF No. 1, and his Application for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court grants Knight's IFP Application and, for the reasons explained below, dismisses this matter for lack of subject matter jurisdiction.

    The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a federal question is presented, *id.* § 1331, or when the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id.* § 1332(a). A party seeking relief in a federal district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

    Knight, who resides in the District of Columbia, sues a law firm that is also located in the District. *See* Compl. at 1–4. He alleges that Defendant committed legal malpractice while representing him in a personal injury case. *See id.* at 4. He does not demand any relief. *Id.* at 4.

Knight has failed to establish subject matter jurisdiction. First, he has failed to state a federal question. *See* 28 U.S.C. § 1331. Knight does not invoke any authority that provides a federal cause of action, nor can the Court independently discern any basis for federal question jurisdiction from the facts given in the Complaint. *See Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) ("[F]ederal court jurisdiction must affirmatively appear clearly and distinctly.") (quoting *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (per curiam)).

Second, Knight has also failed to establish diversity jurisdiction. *See* 28 U.S.C. § 1332. Both he and Defendant are located in the District, thus defeating complete diversity. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant."). Moreover, Knight has not demanded *any* damages, so he has not alleged that the amount in controversy exceeds $75,000.

The Court thus dismisses this case without prejudice. *See* Fed. R. Civ. P. 12(h)(3). Knight's Motion to Expedite, ECF No. 3, Motion for Discovery, ECF No. 5, Motion for Status Hearing, ECF No. 6, and Motion for Intervention, ECF No. 8, are all denied as moot. A separate Order will issue contemporaneously.

DATE: October 17, 2025

CARL J. NICHOLS
United States District Judge